UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT E. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00640-JPH-TAB |
| | ) | |
| KATHY FAULK Officer, | ) | |
| KIMBERLY TRAVITZ Detective, | ) | |
| NATHAN PARTONS Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Robert Allen filed a complaint in April 2025, alleging that Officers Faulk and Partons and Detective Travitz violated the Fourth Amendment when he was arrested in 2019. This Court ordered Mr. Allen to show cause as to why his claim should not be dismissed as barred by the statute of limitations. Dkt. 5. Mr. Allen responded, arguing "the clerk of this court got the timely filed notice case" and referencing *Allen v. Barber*, No. 1:21-cv-191-JMS-MJD, 2021 WL 6061913 (S.D. Ind. Oct. 28, 2021), a prior case Mr. Allen brought against the same defendants named in this case. Mr. Allen also argued that even considering his complaint as a new case rather than a continuation of his prior case, it should not be dismissed as time-barred. Dkt. 6.

In cause number 1:21-cv-191-JMS-MJD, the Court stayed the case pending the outcome of Mr. Allen's underlying state criminal proceeding. No. 1:21-cv-191-JMS-MJD at dkt. 38. After that proceeding concluded with Mr. Allen being convicted, the Court reopened his case, *id.* at dkt. 41, and

1

subsequently dismissed his claims without prejudice as barred under *Heck* and

entered final judgment on October 28, 2021. *Id.* at dkts. 48, 49. Mr. Allen

appealed, but the appeal was dismissed due to his failure to pay the filing fee.

*Id.* at dkt. 58.

In his current case, Mr. Allen asserts that his Fourth Amendment right

to be free from unlawful searches and seizures was violated. Dkt. 1. He alleges

that in 2019, Officer Faulk filed charges against him without arresting him,

and that Officer Partons arrested him on "a false warrant [that] never existed"

and did not report this arrest. Dkt. 1 at 2. He further alleges that Detective

Travitz filed a probable cause page "that was not sworn [or] signed by a judge."

*Id.* He requests that the Court invalidate the unlawful arrest and seeks

damages. *Id.* at 3–4. The Court construes Mr. Allen's claim, therefore, as a

claim for false arrest in violation of the Fourth Amendment under § 1983.

The *Heck* doctrine bars a § 1983 claim that, if vindicated, would

implicate the validity of a state criminal conviction. *Heck v. Humphrey,* 512

U.S. 477, 486–87 (1994). To the extent that Mr. Allen would seek relief that

would render his state criminal convictions invalid, he may only do so if he

received a favorable termination of that proceeding. *See Savory v. Cannon,* 947

F.3d 409, 416–17 (7th Cir. 2020). Mr. Allen does not allege that he has

received such a favorable termination.

Here, however, Mr. Allen appears to argue that his Fourth Amendment

claim is separate from his conviction, and so is not *Heck*-barred. *See* dkt. 6 at

1. "*Heck* does not govern claims based on out-of-court events" that do not

necessarily imply the invalidity of the underlying conviction.  *See Johnson v. Winstead*, 900 F.3d 428, 438 (7th Cir. 2018).  The Court in *Heck* anticipated that some Fourth Amendment violations could give rise to cognizable claims even if the state conviction still stood.  512 U.S. at 487 n.7.  In other words, there is "a conceptual distinction between constitutional wrongs that occur and are complete *outside* a criminal proceeding (for example, unreasonable searches) and constitutional wrongs that occur *within* a criminal proceeding." *Johnson*, 900 F.3d at 436 (emphasis in original).  Those that are complete outside of the criminal proceeding "are independently actionable *regardless of their impact on a conviction*, which takes them outside the *Heck* rule."  *Id.* (emphasis in original).  The Court understands Mr. Allen's false arrest claim to be separate from his underlying state conviction and therefore not barred by the *Heck* rule, and so proceeds to determine whether his claim is barred by the statute of limitations.

As the Court stated in the Order to Show Cause, the statute of limitations for a § 1983 claim is two years.  *Johnson v. City of South Bend*, 680 F. App'x 475, 476 (7th Cir. 2017) (citing Ind. Code § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013).  Generally, "accrual occurs when the plaintiff has a complete and present cause of action" which, in a false arrest case, would normally be "as soon as the allegedly wrongful arrest occurred."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  The cause of action for false imprisonment, which "consists of detention without

3

legal process," accrues when the victim or plaintiff is arraigned or otherwise held pursuant to such legal process. *Id.* at 389–90.

Under Indiana law, "statutes of limitation may be tolled due to legal disability, incompetence, minority, imprisonment, nonresidency under certain circumstances, war, death in certain instances, and fraudulent concealment." *Behavioral Inst. of Ind.*, 406 F.3d at 932 (citing Ind. Code §§ 34-11-2-1 to 8–1). The statute of limitations may also be equitably tolled due to "irremediable lack of information, or other circumstances beyond [the plaintiff's] control." *Id.*

Here, Mr. Allen alleges that he was wrongfully arrested on May 29, 2019. Dkt. 1 at 5. He argues in his response to the Order to Show Cause that the limitations period should not start to run until "the true nature of the situation was discovered" but he does not make any allegation that he discovered the false arrest within the last two years, or that he otherwise lacked sufficient information or capacity to bring this suit earlier. *See* dkt. 6. To the extent that Mr. Allen argues that his prior case should toll the statute of limitations, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

In sum, Mr. Allen's alleged false arrest occurred six years ago, well outside the two-year statute of limitations for bringing a § 1983 claim. He has not shown that the statute of limitations should be tolled here. His claim must therefore be **DISMISSED** with prejudice as time-barred. Final judgment shall issue by separate entry.

5

\* \* \*

The attachments that Mr. Allen submitted with his response to the show cause order, dkt. 6-1, and with his complaint, dkt. 1-1, contain personally identifiable information, including his full date of birth and social security number. If Mr. Allen wishes to keep his personally identifying information confidential and have those attachments sealed, he **SHALL FILE by June 20, 2025** a version of the documents with that information redacted.

**SO ORDERED.**

Date: 5/27/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT E. ALLEN
3036 N. Winthrop
Indianapolis, IN 46205

5